UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

VIDO TROSSI,

Plaintiff,

-against-

CITY OF NEW YORK, BEKIM KALIKOVIC, Individually,
MICHAEL TARULLI, Individually, BRIAN BEHAN,
Individually, MICHAEL TARANGELO, Individually, RICHARD
DIGANGI, Individually, and JOHN and JANE DOE
1 through 5, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

Plaintiff VIDO TROSSI, by his attorneys, BRETT H. KLEIN, ESQ., PLLC, complaining of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

<u>**JURISDICTION**</u>

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

<u>**VENUE**</u>

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff VIDO TROSSI is a forty one year old Hispanic man residing in Staten

Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants,

BEKIM KALIKOVIC, MICHAEL TARULLI, BRIAN BEHAN, MICHAEL TARANGELO,

RICHARD DIGANGI, and JOHN and JANE DOE 1 through 5, were duly sworn police officers

of said department and were acting under the supervision of said department and according to

their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On March 15, 2014, at approximately 3:30 p.m., plaintiff VIDO TROSSI was lawfully present inside his home, a private residence located on the second floor of 185 Targee Street, Staten Island New York.

13.     At the aforementioned time, the defendant NYPD officers, led by defendant KALIKOVIC, a supervisory officer holding the rank of Sergeant, unlawfully entered plaintiff's home with guns drawn.

14.     The defendant NYPD officers entered plaintiff's home without a warrant, and absent exigent circumstances, consent, or any other purported justification.

15.     Plaintiff lawfully inquired about the reason for the intrusion.

16.     Plaintiff was told to sit.

17.     Plaintiff asked if he could continue to stand.

18.     Defendant KALIKOVIC unjustifiably punched plaintiff in the face.

19.     The officers then tackled plaintiff to the ground, during which time plaintiff was choked, kicked, and otherwise assaulted without any justification or provocation by plaintiff.

20.     Plaintiff was handcuffed and taken against his will to an NYPD vehicle.

21.     Plaintiff was transported in NYPD custody to the 120th precinct stationhouse.

22.     Plaintiff remained incarcerated due to the defendants' continuation of plaintiff's false arrest, and/or their failure to intervene in plaintiff's false arrest, until he was brought before

a judge in the Richmond County Criminal Court during the middle of the day on March 16, 2014.

23.     During the time plaintiff was in defendants' custody, the defendant officers conveyed, or failed to stop their fellow officers from conveying, fabricated evidence to the Richmond County District Attorney's Office that there was a purported justification to enter plaintiff's home and/or that that plaintiff had committed purported crimes.

24.     As a result of the defendants' fabrication and/or failure to intervene, plaintiff was arraigned on criminal charges in the Staten Island Criminal Court under docket number 2014RI002561.

25.     As a result of the defendants' fabrication and/or failure to intervene, bail was set, resulting in plaintiff being taken to a jail on Rikers Island that was owned and operated by defendant CITY OF NEW YORK.

26.     Plaintiff was released from Rikers Island at approximately the early morning on March 17, 2014, after bail was posted on his behalf.

27.     As a result of the defendants' initiation, commencement and continuation of a malicious prosecution, and their fabrication of evidence and/or failure to intervene, plaintiff was compelled to attend several court appearances in the Richmond County Criminal Court over the next fourteen months.

28.     On or about April 20, 2015, all of the purported criminal charges were dismissed and sealed, and otherwise terminated in plaintiff's favor.

29.     The individually named and John and/or Jane Doe defendant officers either directly participated in and/or failed to intervene in the above-described incident.

4

30.    The incident was investigated by the defendant CITY OF NEW YORK'S Civilian
Complaint Review Board ("CCRB").   Upon information and belief, the CCRB substantiated
plaintiff's allegations of, *inter alia,* the unlawful entry to and search of his home by defendant
KALIKOVIC, and the use of unnecessary force by defendants KALIKOVIC, BEHAN,
TARANGELO, TARULLI, and DIGANGI.

31.    All of the above occurred as a direct result of the unconstitutional policies,
customs or practices of the City of New York, including, without limitation, the inadequate
screening, hiring, retaining, training, and supervising of its employees, and due to a custom,
policy, and/or  practice of: manufacturing false evidence against individuals in a conspiracy to
justify their use of excessive force; arresting innocent persons in order to meet "productivity
goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime
compensation, and/or other objectives outside the ends of justice; engaging in unlawful entries to
private homes; and/or falsely arresting individuals and engaging in a practice of falsification in
an attempt to justify the false arrest.

32.    The aforesaid event is not an isolated incident. The existence of the aforesaid
unconstitutional customs and policies may be inferred from repeated occurrences of similar
wrongful conduct as documented in civil rights actions filed in the United States District Courts
for the Eastern and Southern Districts of New York as well as in New York State courts.  As a
result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of
claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW
YORK'S Civilian Complaint Review Board) that many NYPD officers, including the
defendants: manufacture false evidence against individuals in a conspiracy to justify their use of

5

excessive force; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; unlawfully enter private homes; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify the false arrest.

33.     In addition, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

34.     Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

35.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

36.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

37.  All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

38.  All of the aforementioned acts deprived plaintiff VIDO TROSSI of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

39.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

40.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.  As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

7

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Unlawful Entry Into and Search of the Home Under 42 U.S.C. § 1983 Against the Individually
Named Defendants)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Upon information and belief, the individually named defendants unlawfully

entered plaintiff VIDO TROSSI's home without a warrant authorizing their entry.

45.     As a result plaintiff VIDO TROSSI's right to be free from an unlawful entry into

and unwarranted search of the home via the Fourth Amendment was violated.

46.     As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees,

costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment Under 42 U.S.C. § 1983
Against the Individually Named Defendants)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The individually named defendants arrested plaintiff VIDO TROSSI without

probable cause, causing him to be detained against his will for an extended period of time and

subjected to physical restraints.

49.     Defendants caused plaintiff VIDO TROSSI to be falsely arrested and unlawfully

8

imprisoned.

50.     As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force Under 42 U.S.C. § 1983
### Against the Individually Named Defendants)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The level of force employed by the individually named defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff VIDO TROSSI'S constitutional rights.

53.     As a result of the aforementioned conduct of the defendants, plaintiff VIDO TROSSI was subjected to excessive force and sustained physical and emotional injuries.

54.     As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial Under 42 U.S.C. § 1983
### Against the Individually Named Defendants)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

9

56.     The individually named defendants created false evidence against plaintiff VIDO TROSSI.

57.     Defendants utilized this false evidence against plaintiff VIDO TROSSI in legal proceedings.

58.     As a result of defendants' creation and use of false evidence, plaintiff VIDO TROSSI suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

59.     As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution Under 42 U.S.C. § 1983
Against the Individually Named Defendants)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants LITTLE and DOWNES initiated, commenced and continued a malicious prosecution against plaintiff VIDO TROSSI.

62.     Defendants caused plaintiff VIDO TROSSI to be prosecuted without any probable cause until the charges were dismissed on or about August 29, 2014.

63.     As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process Under 42 U.S.C. § 1983 Against the Individually Named Defendants)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants issued criminal process against plaintiff VIDO TROSSI by causing his arrest and prosecution in a criminal court.

66.     Defendants caused plaintiff VIDO TROSSI to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their acts of brutality and abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

67.     As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene Under 42 U.S.C. § 1983 Against the Individually Named Defendants)

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants JOHN and JANE DOE 1 through 5 had an affirmative duty to intervene on behalf of plaintiff VIDO TROSSI, whose constitutional rights were being violated

in their presence by other officers.

70.     The defendants failed to intervene to prevent the unlawful conduct described herein.

71.     As a result of the foregoing, plaintiff VIDO TROSSI was subjected to excessive force and put in fear of his safety.

72.     As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability Under 42 U.S.C. § 1983 Against Defendant City of New York)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

75.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff VIDO TROSSI'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

12

76.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff VIDO TROSSI.

78.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff VIDO TROSSI as alleged herein.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff VIDO TROSSI as alleged herein.

80.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff VIDO TROSSI was unlawfully arrested, subjected to excessive force and maliciously prosecuted.

81.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff VIDO TROSSI'S constitutional rights.

82.     All of the foregoing acts by defendants deprived plaintiff VIDO TROSSI of

13

federally protected rights, including, but not limited to, the right:

     A.    Not to be deprived of liberty without due process of law;

     B.    To be free from false arrest/unlawful imprisonment;

     C.    To be free from excessive force;

     D.    To be free from the failure to intervene;

     E.    To receive his right to fair trial;

     F.    To be free from malicious prosecution; and

     G.    To be free from malicious abuse of process.

83.    As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

84.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

86.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

87.    This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

88.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

89.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest Under the Laws of the State of New York
### Against All Defendants)

90.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.    Defendants arrested plaintiff VIDO TROSSI without probable cause.

92.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

93.    As a result of the aforementioned conduct, plaintiff VIDO TROSSI was unlawfully imprisoned in violation of the laws of the State of New York.

94.    As a result of the aforementioned conduct, plaintiff VIDO TROSSI suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

95.    As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

15

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault Under the Laws of the State of New York
### Against All Defendants)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     As a result of the foregoing, plaintiff VIDO TROSSI was placed in apprehension of imminent harmful and offensive bodily contact.

98.     As a result of defendant's conduct, plaintiff VIDO TROSSI has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99.     As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Battery Under the Laws of the State of New York Against All Defendants)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Defendants made offensive contact with plaintiff VIDO TROSSI without privilege or consent.

102.    As a result of defendants' conduct, plaintiff VIDO TROSSI has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

16

103.    As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Malicious Prosecution Under the Laws of the State of New York
Against All Defendants)

104.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff VIDO TROSSI.

106.    Defendants caused plaintiff VIDO TROSSI to be prosecuted without probable cause until the charges were dismissed on or about April 20, 2015.

107.    As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Malicious Abuse of Process Under the Laws of the State of New York Against All Defendants)

108.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    Defendants issued criminal process against plaintiff VIDO TROSSI by causing

17

him to be arrested, arraigned and prosecuted in criminal court.

110.    Defendants caused plaintiff VIDO TROSSI to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of brutality.

111.    As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention Under the Laws of the State of New York Against Defendant CITY OF NEW YORK)

112.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff VIDO TROSSI.

114.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

115.    As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

18

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision Under the laws of the State of New York
### Against Defendant CITY OF NEW YORK)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff VIDO TROSSI.

118.    As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligence Under the Laws of the State of New York
### Against All Defendants)

119.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

19

described herein.

121.    As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability Under the Laws of the State of New York Against Defendant CITY OF NEW YORK)

122.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

124.    As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12 Against All Defendants)

125.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.    As a result of defendants' conduct, plaintiff VIDO TROSSI was deprived of his

right to security against unreasonable searches, seizures, and interceptions.

127.    As a result of the foregoing, plaintiff VIDO TROSSI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff VIDO TROSSI demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
       June 12, 2015

                              BRETT H. KLEIN, ESQ., PLLC
                              Attorneys for Plaintiff VIDO TROSSI
                              305 Broadway, Suite 607
                              New York, New York 10007
                              (888) 323-0230

                       By:    _____
                              BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

VIDO TROSSI,

                                        Plaintiff,

                                                                    Index No.

          -against-

CITY OF NEW YORK, BEKIM KALIKOVIC, Individually,
MICHAEL TARULLI, Individually, BRIAN BEHAN,
Individually, MICHAEL TARANGELO, Individually, RICHARD
DIGANGI, Individually, and JOHN and JANE DOE
1 through 5, Individually (the names John and Jane Doe being
 fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X


                            **COMPLAINT**


                    **BRETT H. KLEIN, ESQ., PLLC**
                     Attorneys for the Plaintiff
                      305 Broadway, Suite 607
                     New York, New York 10007
                         (888) 323-0230